SCOTT SEABAUGH (SBN 138520)
Attorney at Law
75 E. Santa Clara St., Suite 1400
San Jose, CA 95113
Tel: (408) 298-6647
Fax: (408) 298-6640

*Attorney for Plaintiff*
RODNEY ROBISON


ADRIENNE C. PUBLICOVER (SBN 161432)
Adrienne.Publicover@wilsonelser.com
CHARAN M. HIGBEE (SBN 148293)
Charan.Higbee@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105
Tel:   (415) 433-0990
Fax:   (415) 434-1370

Attorneys for Defendants
CIGNA CORPORATION and
LIFE INSURANCE COMPANY
OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY ROBISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CIGNA CORPORATION, LIFE INSURANCE COMPANY OF NORTH AMERICA and DOES 1 through 100,<br><br>　　　　Defendants. | CASE NO. 3:15-cv-01331-JST<br><br>**STIPULATION TO ALLOW PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT BASED ON ERISA; AND [PROPOSED] ORDER THEREON**<br><br>Action Filed (State Court): February 10, 2015 |

**IT IS HEREBY STIPULATED,** by and between plaintiff Rodney Robison and defendants Cigna Corporation and Life Insurance Company of North America ("LINA"), through their attorneys of record, as follows:

1

1.       Plaintiff's Complaint, filed in Alameda County Superior Court and subsequently removed by defendants to this Court, contains causes of action for Breach of Contract, Bad Faith Refusal to Pay Benefits, Negligence, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress and a claim for exemplary damages;

2.       Defendants contend that plaintiff's claims set forth in the Complaint, and based on plaintiff's alleged entitlement to benefits under two group policies of insurance, are governed and/or preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 et seq. ("ERISA");

3.       Defendants further contend that defendant Cigna Corporation is not a proper party to plaintiff's claims seeking benefits under the subject group policies of insurance nor to any ERISA claims based on the administration of plaintiff's claims for benefits, because Cigna Corporation did not issue the subject group policies of insurance nor administer plaintiff's claims for benefits under these policies or the subject plan;

4.       On March 30, 2015, defendants filed a Motion to Dismiss Plaintiff's State Law Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6); to Dismiss Defendant Cigna Corporation; and/or to Strike Plaintiff's Prayer for Exemplary Damages which is set for hearing on May 14, 2015 before Judge Jon S. Tigar;

5.       Defendants agree that, if and to the extent that the Court awards benefits to plaintiff under the subject insurance policies, LINA group life policy No. FLX-963853 and LINA group accident policy No. OK-965482 (hereinafter "the Policies"), defendant LINA will be responsible for the payment of any such benefits under the terms of the Policies;

6.       Plaintiff and defendants hereby stipulate and agree that defendant Cigna Corporation may be and hereby is dismissed without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, with the parties to bear their own respective attorneys' fees and costs directly related to the dismissal of Cigna Corporation;

7.       Plaintiff and defendants agree that LINA shall remain a defendant in this action;

8.       Plaintiff and defendants agree that plaintiff may file a First Amended Complaint,

naming only LINA as a defendant, which alleges claims solely based on ERISA and seeks only the relief allowed by ERISA;

9. LINA does not waive nor intend to waive, and hereby maintains in this action, its failure to exhaust administrative remedies defense;

10. Defendants' pending Motion to Dismiss, etc. shall be taken off calendar; and

11. Plaintiff shall file the First Amended Complaint on or before April 30, 2015.

Date: April 9, 2015

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Charan M. Higbee
ADRIENNE C. PUBLICOVER
CHARAN M. HIGBEE
Attorneys for Defendants
CIGNA CORPORATION and LIFE INSURANCE COMPANY OF NORTH AMERICA

Dated: April 9, 2015

Attorney at Law

By: /s/ Scott Seabaugh
SCOTT SEABAUGH
Attorney for Plaintiff
RODNEY ROBISON

[PROPOSED ORDER SET FORTH ON NEXT PAGE]

///
///
///
///
///
///
///

~~[Proposed]~~ **ORDER**

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendant Cigna Corporation is dismissed without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, with the parties to bear their own respective attorneys' fees and costs directly related to the dismissal of Cigna Corporation;

2. Plaintiff shall file a First Amended Complaint, naming only LINA as a defendant, which alleges claims solely based on ERISA and seeks only the relief allowed by ERISA;

3. Defendants' pending Motion to Dismiss, etc. shall be taken off calendar; and

4. Plaintiff shall file the First Amended Complaint on or before April 30, 2015.

**IT IS SO ORDERED.**

Dated: April __13__, 2015



IT IS SO ORDERED
Judge Jon S. Tigar

4

STIPULATION TO ALLOW PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT BASED ON ERISA; AND [PROPOSED] ORDER THEREON
Case No.: 3:15-cv-01331-JST

1356342v.1

# CERTIFICATE OF SERVICE

*Rodney Robison v. Cigna Corporation Life Insurance Company of North America*

USDC Northern District of California Case No. 3:15-CV-01331-JST

At the time of service I was over 18 years of age and not a party to this action. I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370. On this date I served the following document(s):

STIPULATION TO ALLOW PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT BASED ON ERISA; AND [PROPOSED] ORDER THEREON

☒: **By United States Mail.** I placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐: **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐: **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

☐: **By Fax Transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which was printed out, is attached.

☐: **By Electronic Service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

Scott Seabaugh, Esq.
Attorney at Law
75 E. Santa Clara St., Suite 1400
San Jose, CA  95113
Tel. (408) 298-6647
***Attorneys for Plaintiff***

1 | I declare under penalty of perjury under the laws of the State of California that the
2 | foregoing is true and correct to the best of my knowledge.
3 | EXECUTED on April 9, 2015 at San Francisco, California.

          /s/ Liza H. Cachero
          Christine Gill