UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY ROBISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　Defendant. | Case No. 15-cv-01331-JST<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 24 |

Before the Court is Defendant Life Insurance Company of North America's ("LINA") Motion for Summary Judgment. ECF No. 24. The Court will grant the motion.

I.　　**BACKGROUND**

Plaintiff Rodney Robison brought this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., seeking to recover accidental death and dismemberment benefits allegedly due to him resulting from the death of his stepson, Cody Brown, who was killed in an automobile accident on October 27, 2014. ECF No. 16. Mr. Brown was born on June 19, 1994. ECF No. 25-1 at 1. He was 20 years and four months old at the date of his death.

At the time of Mr. Brown's death, Plaintiff was enrolled in an accidental death and dismemberment insurance policy ("the Policy") offered by LINA with a benefit limit of $10,000 for dependents. ECF No. 25-7 (the Policy); ECF No. 25-8 (enrollment summary). The Policy covers "a sudden, unforeseeable, external event that results, directly and independently of all other causes, in a Covered Injury or Covered Loss and" occurred "while the Covered Person is insured under this Policy." ECF No. 25-7 at 9. A "Covered Person" is defined as "[a]n eligible person . . . for whom an enrollment form has been accepted by [LINA] and required premium has been paid

when due and for whom coverage under this Policy remains in force.  The term Covered Person shall include, where th[e] Policy provides coverage, an eligible Spouse and eligible Dependent Children."  Id.  It is undisputed that Plaintiff submitted an enrollment form for Mr. Brown at least as of 2012, ECF No. 25-8, and that all required premiums had been paid when due as of the time of the accident on October 27, 2014.

The Policy goes on to define "Dependent Children" as follows:

> An Employee's unmarried child who meets the following requirements:
>
> 1. A child from live birth to 19 years old;
>
> 2. A child who is 19 or more years old but less than 23 years old, enrolled in a school as a full-time student and primarily supported by the Employee;
>
> 3. A child who is 19 or more years old, primarily supported by the Employee and incapable of self-sustaining employment by reason of mental or physical handicap.  Proof of the child's condition and dependence must be submitted to Us within 31 days after the date the child ceases to qualify as a Dependent Child for the reasons listed above.  During the next two years, We may, from time to time, require proof of the continuation of such condition and dependence.  After that, We may require proof no more than once a year.

ECF No. 25-7 at 10.

According to the Policy, "[i]nsurance becomes effective for an Employee's eligible dependents if the Employee applies and agrees to make required contributions within 31 days of the date his dependents become eligible . . . ." Id. at 10.  The Policy provides that "[t]he insurance on a Covered Person will end on the earliest date below: . . . 2. the next premium due date after the date the Covered Person is no longer in a Covered Class or satisfies eligibility requirements under this Policy; . . . 4. the next premium due date after the Covered Person attains the maximum Age for insurance under this Policy . . . ." Id. at 13.

The parties do not dispute that Mr. Brown worked for Certified Tire & Service Center ("Certified Tire") in Livermore, CA from July 9, 2014 to August 5, 2014.  ECF No. 24 at 7; ECF No. 28 at 6.  Nor do the parties dispute that Mr. Brown stopped working at Certified Tire in August 2014 due to a work-related back injury.  Id.  The parties do, however, dispute the extent of

1  Mr. Brown's injuries and the degree to which these injuries rendered Mr. Brown unable to work.[1]

2  Plaintiff submitted his claim to LINA on October 31, 2014.  ECF No. 25-9 at 1.  Plaintiff submitted a revised claim form later that same day.  Id. at 2–4.  LINA wrote Plaintiff several letters between November 2014 and December 2015 seeking additional documentation regarding Plaintiff's claim.  See, e.g., ECF No. 27-9 at 43; ECF No. 27-2 at 27.  On January 12, 2016, LINA wrote to Plaintiff, informing him that it had determined that the benefit was not payable.  ECF No. 27-2 at 13–18.  The letter included the definition of "Dependent Child" quoted above and explained that "Cody Brown was not enrolled in a school as a full-time student at the time of his death, nor was he incapable of self-sustaining employment by reason of mental or physical handicap.  He does not meet the definitions of Dependent Child as defined under the policies . . . ." Id. at 16.  The letter also stated that "[t]he available medical records were reviewed by staff Medical Director Norton Hall, MD who opined that the 'clinical notes of Mr. Brown's attending physician, Dr. Ng, of 10/6/16, 9/9/14 and 8/12/14' were 'devoid of any documented, significant, quantified, positive, neuromusculovasculoskelatal or clinical finding, physical impairment or functional loss."  Id.

## II.  JURISDICTION

Plaintiff's cause of action arises under ERISA, a federal statute.  The Court therefore has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## III.  LEGAL STANDARD

"ERISA was enacted 'to promote the interests of employees and their beneficiaries in employee benefit plans,' and 'to protect contractually defined benefits.'"  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 113 (1989) (internal citations omitted).  ERISA "permits a person denied benefits under an employee benefit plan to challenge that denial in federal court."  Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 108 (2008).  "ERISA's civil-enforcement provision . . . allows a claimant 'to recover benefits due to him under the terms of his plan [and] to

---

[1] Because the Court's ruling does not turn on the extent of Mr. Brown's work-related injuries, the Court will not further analyze the parties' disputed positions related to Mr. Brown's work-related injuries at this juncture.

enforce his rights under the terms of the plan.'" Muniz v. Amec Const. Mgmt., Inc., 623 F.3d 1290, 1294 (9th Cir. 2010) (quoting 29 U.S.C. § 1132(a)(1)(B)).

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone, 489 U.S. at 115. In this case, the parties agree that *de novo* review is appropriate. See ECF No. 24 at 13; ECF No. 28 at 5. Under *de novo* review, "the court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits with no deference given to the administrator's decision." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006) (en banc).

ERISA's "statutory scheme . . . 'is built around reliance on the face of written plan documents.'" U.S. Airways, Inc. v. McCutchen, 133 S. Ct. 1537, 1548 (2013) (quoting Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 83 (1995)). "Courts construe ERISA plans, as they do other contracts," with reference to "ordinary principles of contract interpretation." U.S. Airways, 133 S.Ct. at 1548–49 (2013). Ambiguities are construed against the drafter and in favor of the insured. Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999). "[W]hen the court reviews a plan administrator's decision under the *de novo* standard of review, the burden of proof is placed on the claimant." Muniz, 623 F.3d at 1294.

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by" citing to depositions, documents, affidavits, or other materials. Fed. R. Civ. P. 56(c)(1)(A). A party also may show that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). An issue is "genuine" only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). A fact is "material" if the fact may affect the outcome of the case. Id. at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make

1  credibility determinations, and is required to draw all inferences in a light most favorable to the
2  non-moving party." Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).

3  Where the party moving for summary judgment would not bear the burden of proof at trial,
4  that party bears the initial burden of either producing evidence that negates an essential element of
5  the non-moving party's claim, or showing that the non-moving party does not have enough
6  evidence of an essential element to carry its ultimate burden of persuasion at trial. If the moving
7  party satisfies its initial burden of production, then the non-moving party must produce admissible
8  evidence to show that a genuine issue of material fact exists. See Nissan Fire & Marine Ins. Co. v.
9  Fritz Cos., 210 F.3d 1099, 1102–03 (9th Cir. 2000). The non-moving party must "identify with
10 reasonable particularity the evidence that precludes summary judgment." Keenan v. Allan, 91
11 F.3d 1275, 1279 (9th Cir. 1996). Indeed, it is not the duty of the district court to "to scour the
12 record in search of a genuine issue of triable fact." Id. "A mere scintilla of evidence will not be
13 sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving
14 party must introduce some significant probative evidence tending to support the complaint."
15 Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997) (citation and internal
16 quotation marks omitted). If the non-moving party fails to make this showing, the moving party is
17 entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## IV.   DISCUSSION

Defendant argues that Plaintiff cannot recover under the Policy because "the undisputed evidence proves that Mr. Brown was not insured under the [] Policy at the time of his death on October 27, 2014." ECF No. 24 at 18. According to Defendant, Mr. Brown was covered as a "Dependent Child" until he turned nineteen, but "coverage terminated shortly after he turned nineteen years old on June 19, 2013 – which was more than a year and four months before his accident." Id.

///
///
///
///

The Group Policy defines a "Covered Person" to include "an eligible Spouse and eligible Dependent Children." ECF No. 25-7 at 9. "Dependent Children," in turn, are defined as:

> An Employee's unmarried child who meets the following requirements:
>
> 1. A child from live birth to 19 years old;
>
> 2. A child who is 19 or more years old but less than 23 years old, enrolled in a school as a full-time student and primarily supported by the Employee;
>
> 3. A child who is 19 or more years old, primarily supported by the Employee and incapable of self-sustaining employment by reason of mental or physical handicap. Proof of the child's condition and dependence must be submitted to Us within 31 days after the date the child ceases to qualify as a Dependent Child for the reasons listed above. During the next two years, We may, from time to time, require proof of the continuation of such condition and dependence. After that, We may require proof no more than once a year.

Id. at 10.

The parties do not dispute that Mr. Brown turned nineteen on June 19, 2013. ECF No. 24 at 19; ECF No. 28. Likewise, the parties do not dispute that Mr. Brown was not "enrolled in a school as a full-time student" at the time of his death. ECF No. 24 at 19; ECF No. 28 at 4. Accordingly, Mr. Brown was not covered as a "Dependent Child" under the first or second prongs of the Group Policy's definition of "Dependent Children." The parties do, however, dispute whether Mr. Brown was covered under the third prong, as a "child who is 19 or more years old, primarily supported by the Employee and incapable of self-sustaining employment by reason of mental or physical handicap." ECF No. 25-7 at 10.

While the Court doubts whether Mr. Brown's inability to work temporarily due to his work-related injuries rendered him "incapable of self-sustaining employment by reason of mental or physical handicap," the Court need not decide this issue because Plaintiff never submitted "[p]roof of [Mr. Brown's purported] condition and dependence . . . within 31 days after the date [Mr. Brown] cease[d] to qualify as a Dependent Child" by reason of his turning nineteen, as is required by the third prong of the Policy's definition of "Dependent Children." Id. As Defendant argues, "[n]either Plaintiff nor anyone else submitted any information to LINA within 31 days of Mr. Brown's 19th birthday proving that Mr. Brown was 'incapable of self-sustaining employment

6

by reason of mental or physical handicap.'" ECF No. 24 at 20. Defendant's argument is supported by a letter sent to Plaintiff by an "accident specialist" at Cigna (of which LINA is a subsidiary) on September 15, 2015, stating: "[o]ur records indicate that proof of Cody Brown's condition and dependence was not submitted to us after Cody Brown turned age 19 or at any time prior to his death." ECF No. 27-2 at 35.

Plaintiff does not contend that he submitted proof to LINA of any "mental of physical handicap" which Mr. Brown may have had, which could have rendered him "incapable of self-sustaining employment" within 31 days after the date Mr. Brown turned nineteen. ECF No. 28 at 7–8. Rather, Plaintiff argues that the requirement that proof be submitted to LINA within 31 days "is contrary to the [Group Policy's separate] provision that 'insurance becomes effective for an Employee's eligible dependents if the Employee applies and agrees to make required contributions within 31 days of the date his dependents become eligible . . . ." ECF No. 28 at 7 (quoting ECF No. 25-7 at 12). While the Court agrees with Plaintiff that "[t]here is nothing in this [latter] provision that requires providing notice of disability," nothing in the latter provision negates the requirement under the third prong of "Dependent Child" definition requiring that "proof of the child's condition and dependence must be submitted to [LINA] within 31 days after the date the child ceases to qualify as a Dependent Child" once he turns nineteen.

Plaintiff also argues that "any requirement for having to [re-enroll a child] into the plan [after the child turns nineteen] would not meet the reasonable expectations of the insured." Id. at 7. Plaintiff cites no authority on point, except for Peterson v. Am. Life & Health Ins. Co., for the general proposition that "[u]nder the 'reasonable expectations' doctrine, as a matter of federal common law governing ERISA contracts, even an unambiguous exclusion may be unenforceable unless it is sufficiently 'clear, plain, and conspicuous' to overcome a layperson's reasonable expectations." 48 F.3d 404, 411 (9th Cir. 1995). However, as Peterson makes clear, the reasonable expectations doctrine only applies when "a provision in an insurance policy is . . . not sufficiently conspicuous." Id. Here, the requirement that proof be submitted of a child's condition and dependence within 31 days after the child turns nineteen appears in the sentence directly following (and in the same paragraph as) the sentence defining "Dependent Children" to

include "[a] child who is 19 or more years old, primarily supported by the Employee and incapable of self-sustaining employment by reason of mental or physical handicap." ECF No. 25-7 at 10. Accordingly, the Court concludes that the proof requirement is sufficiently conspicuous that the reasonable expectations doctrine does not apply.

Given that Plaintiff bears the burden of proof to show that benefits were due to him under the Policy, Muniz, 623 F.3d at 1294, the Court concludes that Plaintiff's claim fails because he has not presented the Court with any evidence that he submitted proof of Mr. Brown's "condition and dependence" within 31 days of his nineteenth birthday as required by the Policy. See Staats v. Goodyear Tire & Rubber Co., No. 05-cv-1386, 2006 WL 2707969, at *4 (N.D. Cal. Sept. 19, 2006) (granting defendant's motion for summary judgment in ERISA case based on the fact that "even if the plaintiff's daughter's condition had sufficiently changed by the summer of 2002, and the change was properly documented, so that she was eligible based on the disabling condition for continued medical coverage, the plaintiff failed to provide the defendant with the required notice of her changed status within 31 days of its occurrence."). Because no genuine issue of material fact exists regarding Mr. Brown's not being covered by the Policy as a "Dependent Child," the Court grants Defendant's motion for summary judgment.

## CONCLUSION

Defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

Dated: May 3, 2016

JON S. TIGAR
United States District Judge